PAULA WRIGHT, Plaintiff, *v.* LEON ACKERMAN et al., Defendants.

(Supreme Court, New York Special Term, October, 1916.)

Foreclosure — of mortgages — judgment — real property — notice of sale — publication of description — Code Civ. Pro. §§ 1435, 1678 — rule 15, Special Term Rules, First Judicial District.

> Neither the provisions of sections 1435 and 1678 of the Code of Civil Procedure nor of rule 15 of the Special Term Rules, First Judicial District, require the publication of the description of the real property directed to be sold pursuant to a judgment in foreclosure; all that is necessary is to describe the property with common certainty.

> While a notice of sale in foreclosure containing a condensed description of the property with the addition of the points of the compass upon an accompanying diagram of the premises is a compliance with the law, the court, to preclude any possibility of doubt, may require that a reference be made in the notice of sale to the book, page, block and section in which the mortgage in suit is recorded.

APPLICATION for final judgment.

J. F. Stier, for plaintiff.

No appearance for defendants.

Supreme Court, October, 1916.    [Vol. 97.

GREENBAUM, J.    The judgment submitted to me in this case contains a provision that the referee is required to publish a "notice of sale containing a description of the property to be sold to conform in all respects to the description set forth in the complaint." Other applications for final judgment containing similar provisions are also pending before me. My attention has been called to the fact that the cost of publishing notices of such sales is very substantial, even at the minimum advertising rate of twelve cents per line fixed by a number of the well-known metropolitan dailies. I have also ascertained that the advertising rates in many dailies range from twenty-five to fifty cents per line. It is quite evident that a burdensome expense is thrown upon the interested parties by requiring the publication of lengthy descriptions. An instance of a legal notice of a sale consisting of 122 agate lines which appeared seven times in one of the leading evening papers of this city at a cost of twelve cents per line, making an aggregate of $102.48, has been submitted to me. Had the publication been directed in one of the newspapers which charge from twenty-five to fifty cents per line the cost of the same advertisement would have been $229 to $447. My attention has been called to the opinion recently given by one of my associates, holding that the description contained in the final judgment should be published in a notice of sale thereunder. Neither the provisions of the Code of Civil Procedure nor the rules of this court require the publication of the description of the real property as contained in the judgment. It is only necessary to describe the property with common certainty. Code Civ. Pro. §§ 1678, 1435; Special Term Rules, First District, rule 15. Indeed a diagram alone, showing the points of the compass, the dimensions of the property, its street and street number and

its distance from the nearest intersecting street, as required by the rules of the court, would sufficiently describe the property and be more readily understood by the general public than the so-called " long form " description. I have taken the trouble to communicate with a number of leading firms in this city who are actively engaged in real estate law, and the opinion seems to be universal that in practice there is no useful purpose served in publishing the long form notice. It is a matter of common knowledge that the ordinary purchaser at foreclosure sales is not likely to comprehend the forms of description usually found in deeds and mortgages, and that a concise notice is much more likely to be understood by the average man interested in the sales of real property. A graphic illustration of the difference in length between two advertisements in the same action, one showing the " long " and the other the " short " form, has been furnished me. It happened in that action that the original proposed sale was withdrawn and the property subsequently advertised for sale under the same judgment in the short form appearing below. The following are the advertisements to which I have just referred:

" SUPREME COURT, COUNTY OF BRONX.— Annie Kinsey, plaintiff, against John Werle et al., defendants.

" In pursuance of a judgment of foreclosure and sale, duly made and entered in the above entitled action, and bearing date the 1st day of December, 1915, I, the undersigned, the referee in said judgment named, will sell at public auction, at the Exchange Salesroom, Nos. 3208–10 Third Avenue, in the Borough of the Bronx, City of New York, on the 18th day of January, 1913, at 12 o'clock noon on that day, by Henry Brady, auctioneer, the premises directed by

said judgment to be sold, and therein described as follows:

"All that lot of land in the City of New York, with the buildings thereon, known and designated as lot number sixty-six on a certain map entitled 'Map of 155 building lots belonging to Chas. A. Stadler, situate in the 23d Ward, N. Y. City,' dated April 16, 1887, surveyed by Louis Arrise, C. E. & C. S., and filed in the office of the Register of the City and County of New York June 20, 1887, as map number 991, which said lot is, according to said map, bounded and described as follows:

" Beginning at a point in the easterly side of Eagle Avenue, distant five hundred and twenty-five feet southerly from the intersection of the easterly side of Eagle Avenue and the southerly side of One Hundred and Fifty-sixth Street; and running thence easterly along lot number sixty-five and parallel with One Hundred and Fifty-sixth Street, one hundred and fifteen feet and two one-hundredths of a foot to lot number sixty-seven; thence southerly, along lot number sixty-seven, twenty-seven feet and fifty-four one-hundredths of a foot to the southerly side of said lot number sixty-six; thence westerly along the southerly side of said lot number sixty-six one hundred and fifteen feet and fifteen one-thousandths of a foot to the easterly side of Eagle Avenue; and thence northerly, along the easterly side of Eagle Avenue, twenty-seven feet and eighty-seven one-hundredths of a foot to the point of beginning.

" Said premises being now known as number. six hundred and seventy-two Eagle Avenue, and being those which were conveyed to said John Werle by Louis Brandt and another by deed dated April 13, 1899, and recorded in the office of the Register of the County of

New York in Liber 20 of section 10 of Conveyances, at page 269.

" Dated New York, December 14, 1915.

" EDWARD D. DOWLING,

" *Referee.*

" HAROLD SWAIN,

" *Attorney for Plaintiff.*

" 176 Broadway, Borough of Manhattan, City of New York.

" The following is a diagram of the property to be sold; its street number is 672 Eagle Avenue:

156TH ST.

EAGLE AVE. 525 | 27.87 | 115.02 | 27.54 | 115.015

" The approximate amount of the lien or charge, to satisfy which the above described property is to be sold, is $7,760.00, with interest thereon from the 29th day of November, 1915, together with costs and allowances amounting to $336.25, with interest from December 1, 1915, together with the expenses of the sale. The approximate amount of the taxes, assessments and water rates or other liens, which is to be allowed to the purchaser out of the purchase money, or paid by the referee, is $660.51 and interest.

" Dated New York, December 14, 1915.

" EDWARD D. DOWLING,

" *Referee.*"

" IN FORECLOSURE.— Supreme Court, County of Bronx.—Annie Kinsey, plaintiff, against John Werle and others, defendants. Harold Swain, Plaintiff's Attorney, 176 Broadway, New York.

" Pursuant to judgment entered December 2, 1915, the undersigned will sell at public auction, at the Exchange Salesroom, No. 3208–3210 Third Avenue, in the Borough of Bronx, City of New York, at 12 o'clock noon on June 23, 1916, by Henry Brady, auctioneer, the mortgaged premises directed by said judgment to be sold, situated on the easterly side of Eagle Avenue 525 feet south of the southerly side of 156th Street, being 115.02 feet in depth on the northerly side, said side being parallel with 156th Street, and 115.015 feet in depth on the southerly side by 27.87 feet in front and 27.54 feet in the rear, in the Borough of the Bronx, City of New York.

" Street No. 672 Eagle Avenue.

" Free and clear of all encumbrances.

"Approximate amount of the mortgage debt, costs and allowances, $7,875.00; taxes, assessments and water rates, $425.00.

" Dated New York, June 1, 1916.

" EDWARD D. DOWLING,

" ju2-FSju23                                    " *Referee.*"

It seems to me that the short form advertisement above set forth, with its condensed written description and the addition of the points of the compass upon the diagram, embodies all the requirements of law. However, in order to preclude any possibility of doubt, I shall also require that a reference be made in the advertisement to the liber, page, block and section in which the mortgage in suit is recorded. The judgment will be signed modified in accordance with the foregoing views.

Ordered accordingly.