OPINION OF THE COURT
William H. Keniry, J.
Although denominated in the caption as a notice of motion, the plaintiff and judgment creditor has initiated a special proceeding pursuant to CPLR 5221 (a) (4) to compel the Saratoga County Sheriff (Sheriff) to conduct a sale of certain real property allegedly owned by the defendant and judgment debtor. Since the Sheriff has appeared and interposed an answer to this application, the court will overlook the defects in form in the petition and consider this matter on the merits (CPLR 103 [c]).
*261 The judgment creditor issued an execution and notice of sale to the Sheriff on June 12, 1986 for the sale of the judgment debtor’s interest in certain real property located in the Town of Milton, Saratoga County. The Sheriff has refused to process this particular execution and notice of sale upon the ground that the description of the property supplied by the judgment creditor is inadequate. The Sheriff has requested that a full legal description of the parcel be included in the notice of sale while the judgment creditor contends that a combination of the tax map identification number, a reference to the book and page of the recorded deed and a street location of the property is adequate to satisfy the statutory requirements. The petitioner argues that the cost incurred in publishing the full legal description is excessive and unnecessarily increases the expenses of the judgment creditor in pursuing this enforcement device.
CPLR 5236, which governs the procedure to be followed by the Sheriff for the sale of real property, states in part as follows: "(c) Notice of sale. A printed notice of the time and place of the sale containing a description of the property to be sold shall be posted”.
The Sheriff contends that publication of the property’s full legal description is necessary to fulfill the statutory requirement and to maximize the chance of a competitive sale. In his affidavit the Sheriff further states that "While I can appreciate the difficulties and frustrations of collecting some judgments, I feel an obligation that the protections built into the statute to maximize a recovery on a real property sale should be observed, and the provisions of the statute complied with.” Although the Sheriff’s motives are characteristically laudable and intended to best serve the general public, the court’s research of the law leads to the conclusion that publication of the full legal description is not necessary to satisfy the requirement of CPLR 5236 (c). (See, Wright v Ackerman, 97 Misc 163.)
In 6 Weinstein-Korn-Miller, NY Civ Prac jf 5236.14, there is contained the following:
"If 5236.14. Contents of notice of sale * * *
"The description of the property in the notice need not be a technical legal statement; it is sufficient if the location of the property is identified with 'common certainty,’ as by its street address. Such a description is desirable since the average [person] is not likely to comprehend legal descriptions, al *262 though it would be appropriate for the notice to state where a legal description might be found. The notice also should state the quantity of land to be sold and the lots and parcels in which it is to be divided for purpose of the sale.”
In 9 Carmody-Wait 2d, NY Prac § 64:217, there is contained the following:
"§ 64:217. Contents of notice.
"The notice must contain a description of the property and state the time and place of the sale. It need not describe the real property as real property is described in deeds and mortgages, however, for a burdensome expense would be thrown upon the interested parties by requiring the publication of lengthy descriptions, and no useful purpose would be served, since a concise notice is much more likely to be understood by the average man than the forms of description usually found in deeds and mortgages. In other words, it is sufficient if the real property to be sold is described with common certainty by setting forth the name of the township or tract, and the number of the lot, if there is any, or by some other appropriate description.”
The court has reviewed the various alternatives proposed by the judgment creditor and believes that the suggested description set forth in exhibit F which includes the tax map reference, deed book and page reference and street location would be adequate to identify the property for any prospective bidder. The court would suggest that the notice also contain the property dimensions or acreage as an additional point of identification. The above information would, in the court’s opinion, guide any prospective bidder to additional information about the property if desired.
The petition of the plaintiff and judgment creditor is granted, without costs.